CITY OF JACKSON *v.* MRS. M. G. MUCKENFUSS.

[58 South. 533.]

1. MUNICIPAL CORPORATIONS. *Public improvements. Change of grade. Damages. Waiver.*

Where a property owner is required by a resolution of a municipality to construct a sidewalk in front of her property on a certain grade within twenty days, or show cause for her failure to do so, she did not by constructing such side walk waive her right to claim damages for being forced thereby to raise her lot and houses to conform to such grade and the fact that she waited for more then twenty days to construct such sidewalk makes no difference.

2. Appeal and Error. *Matters reviewable.*

> Where in a suit for damages against a city, caused by a change of grade, the city secured the submission of the issue to the jury as to whether or not, plaintiff negligently constructed her house below an established grade, it could not complain on appeal that the jury found against it on this issue.

Appeal from the circuit court of Hinds county.

Hon. W. A. Henry, Judge.

Suit by Mrs. M. G. Muckenfuss against the city of Jackson. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Powell & Thompson,* for appellant.

While we have assigned other grounds our principal contentions are two:

1st. That the city by simply passing a resolution declaring the sidewalks necessary and by issuing the citation to the owner did not make itself liable for damages done by the owner herself in afterwards raising the grade and constructing the sidewalks.

2d. That the appellee by constructing her houses after the grade had been established did so at her own peril, for she placed the houses below the grade thus established.

In regard to the first position we say that this court has decided in the case of the *City of Jackson* v. *Williams,* 92 Miss. 301, "The right of a municipality to take or damage property is no greater nor less than any other corporation having the right of eminent domain."

Under our Constitution, Sec. 17, "Private property shall not be taken or damaged for public use except on due compensation being first made to the owner, or owners thereof in the manner to be prescribed by law."

Ch. 43 of the Mississippi Code of 1906 prescribes the manner in which parties desiring to exercise eminent domain shall proceed.

Sec. 1868 of said Code prescribes the rights of the applicant after judgment in eminent domain proceedings and provides that he can only go into possession after paying the amount assessed and all costs. In the case of *Williams* v. *Railroad Company,* 60 Miss. 689, which is affirmed in the case of *Railroad Company* v. *Ryan,* 64 Miss. 399, this court said that, ''By a judgment confirming the condemnation of land for a railroad company and assessing damages, the rights of the parties had not become fixed absolutely. Unless the possession of the owner is disturbed he has no right to compel payment of the award.''

In Roads and Streets by Elliott, Vol. 1, Sec. 595, we find that the owner can enjoin the city if damages are not assessed and tendered.

From these authorities the court will readily see that the city in simply declaring the sidewalks necessary and citing the owner to show cause, created no legal obligations upon the owner and certainly no compulsion to erect the walks herself and damage her own property, and it is only upon this theory that the owner, who did all the damage, can hope to recover from the city in this case.

Again we contend that if the owner of the property had any right to do the work herself at all, it should have been done by her within the twenty days as fixed by Sec. 3413 of the Code of 1906 after the order declaring the work necessary; in this case the work was not done as shown by the record until within two months after the passage of such resolution and citation served thereunder, and our contention is that after twenty days had elapsed as provided by the statute, she had no more right to construct a sidewalk than any stranger would have had, and cannot· bind the city by her action after the lapse of said time.

We contend that the city by simply passing a resolution and serving a notice thereunder on the owner did

not irrevocably bind itself to construct a walk, nor legally compel the owner to construct the same *non constat,* but that the city after passing the resolution had determined to abandon the work and not construct the sidewalk at all and surely it had a right to do this under the decision cited above, even after it had gone into court and gotten a judgment condemning the property and making the award for damages.

The property owner may waive her right to make the improvements by not acting with sufficient promptness; see Elliott on Roads and Streets, Vol. 1, p. 868; and by not acting within the twenty days allowed by the statute she did waive such right in this case.

We contend that the appellee deprived the city of a valuable legal right by anticipating the city and constructing the walk herself when the city had the right to abandon the work and not construct it at all if it so desired, and thus depriving the city of an option guaranteed to it under the laws of the State.

It would be a dangerous precedent for this court to establish that the city by taking the first steps towards condemning the property could never back out, no matter how great the expense may be; that the owner would for all time thereafter have a right to construct the proposed improvement and hold the city up for such damages as might accrue by her own act in the face of the statute allowing only twenty days within which to do the work herself.

On our second proposition that all the houses on the lot in question were constructed after the grade had been established on the street we say:

That the damages cannot be recovered for injury to improvements put upon abutting property after the new grade has been established; see *Smith* v. *Kansas City,* 128 Mo. 23; *Dale* v. *City of St. Joseph,* 59 Mo. App. 566; *Keith* v. *Bingham,* 100 Mo. 300; 2 Abbott on Municipal Corporations, p. 1935; in this case the only dam-

age claimed is because the house had to be raised and the lot filled up, so we contend that appellee, having built her houses too low with reference to the grade before that time established, knew or ought to have known of the grade and have built her houses accordingly.

*Longino & Ricketts,* for appellee.

In the argument of this case in this court we are called upon to meet only the two contentions advanced by the appellant in the brief filed here in its behalf, namely:

(a)   That the city by passing the sidewalk resolution and by issuing the citations thereon did not make itself liable for damages done "by the owner herself" in raising the grade and constructing the sidewalks.

(b)   That the appellee in constructing her houses after the grade had been established for the street on which they faced, acted at her peril.

Of course this is clearly not a case for the application, except by way of rather remote analogy, of any of the principles or provisions of law governing the formal condemnation of property of private owners for public use, or governing the ascertaining in advance by such eminent domain proceedings of the amount of damage that would be done to the private owner by the carrying out of the intentions of the municipality.   The decided cases in this state held the municipalities liable when they had, without resort to this method of ascertaining the amount of damage to private property, damaged private property by raising or lowering street or sidewalk grades.   *City of Jackson* v. *Williams,* 92 Miss. 301; *City of Vicksburg* v. *Herman,* 72 Miss. 211.

The fact that the appellee applied in writing for a permit to have the sidewalk laid cannot be taken as estopping her from claiming damages in this suit.   The city had directed her to lay the walk but it had also a year or two before passed an ordinance requiring every person who laid a sidewalk to apply for a permit to

have the work done and to state in such application the name of the contractor who was to do the work. For the laying of a walk without obtaining such a permit the same city ordinance (Revised Ordinances of the City of Jackson 1909, Sec. 5), provided a penalty of fine or imprisonment. It must be admitted, therefore, that if the appellee was directed to lay the sidewalk she was also directed to apply for a permit. Her having applied for it was simply the doing of what it was necessary for her to do in order to obey the orders of the municipality.

On the point of estoppel we respectfully refer the court to the following:

The fact that an abutter has done the work in front of his property in compliance with an order of the municipal authorities does not estop him from claiming compensation for a change of grade. (Quoted in substance). 1 Lewis on Eminent Domain, Sec. 343.

"The only question in this case is whether the plaintiffs waived their right to damages against the city by doing the grading themselves in respect of which the damages are claimed. The plaintiff owned and occupied the lots in front of which the grading was to be done. The ordinance altering the grade had been passed and the order requiring the plaintiffs to do it in conformity to the ordinance had been made and published. It was an order which the street commissioners were authorized to make. The performance of the work under these circumstances was the performance of a duty imposed by the charter; and how can such a performance be regarded as an abandonment of the claim of the parties to damages? The city authorities cannot pass ordinances and make orders directing acts to be done and when they are done avoid responsibility for their performance by averring that the ordinances and orders had no influence." *Peach* v. *Milwaukee*, 18 Wis. 450.

We also respectfully refer to the following cases as in point on the question of estoppel: *Taylor* v. *City of*

*Jackson,* 83 Mo. App. 641; *Dunn* v. *Tarentum,* 23 Pa. Sup. Ct. 332; *Robinson* v. *City of Vicksburg,* 54 So. (Miss.) 858.

We quote from the opinion of the court in the *Robinson case:*

"Sec. 17 of the Constitution of 1890 provides that: "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof," etc.    The petition signed by the appellant contained no express waiver. May a waiver be implied from a mere signing of the petition by him? Or may a waiver be implied by his signing the petition with the knowledge that in paving the city might find it necessary to change its grade? We think not.   In our judgment such ought not to operate as an estoppel.   A constitutional right may not be so lightly waived.   There is nothing whatever in the petition, nor in the conduct of the appellant as disclosed by the record, which evidenced a purpose on his part to waive his constitutional right to claim damages to his property, caused by raising the grade of the street.   Nor is there any evidence tending to show that the city, in passing the ordinance providing for paving the street, was led by the appellant to believe that he would not claim his right to damages for an injury thereby done him."   54 So. 859.

But it is contended on behalf of the appellant that the appellee by delaying her application for a permit to lay the sidewalk until May 4, 1910, is debarred from any recovery in the present case.   In reply to this it may be stated that the section of the Code of 1906 under which the city of Jackson was proceeding gave the appellee the right to have a clear twenty days' notice before the regular meeting of the board at which she, if she had been a resident of this city, might have appeared to "show cause."   It appears that the service on her was had on March 18th, and that the next meeting of

the board was on April 5th. The interval being less than twenty days, she was under no obligation to do the work by that meeting at any rate. And right here we get rid of one of the "two months of delay" mentioned in counsel's brief for appellant. The permit was actually applied for on May 4th, the day after the regular May meeting of the board of aldermen and the very first day that appellee, who had as it must be remembered no right to join in such protest, could have known that those resident property owners who had such right had not exercised it and that there was no possibility of the carrying out of the work being prevented by protest as provided for by law.

At the time she applied for the permit to do the work the ordinance or resolution adjudging a sidewalk to be necessary in front of her property was still in full force. No protest had been made and the time for protest was past. When the appellee applied for that permit the city of Jackson had wished to preserve for itself the "valuable legal right" and to prevent her from anticipating the city in the manner it might have done all of this by simply refusing the permit.

The question of the liability of a municipality for the damages resulting to private property from a change of grade of one of its streets has been frequently passed upon in this state. *City of Jackson* v. *Williams,* 92 Miss. 301; *City of Vicksburg* v. *Herman,* 72 Miss. 211; *Warren County* v. *Rand,* 40 So. 481 (Public Road); *Robinson* v. *City of Vicksburg,* 54 So. 858.

Directly in point on the question of the liability of the municipality for change of grade of a street are the following cases in which it was held that in an action by a property owner for injuries caused by filling streets in such manner as to cause established drains to become worthless, and water to set back upon adjacent property, the owner is entitled to damages for injury to the property. *City of Toledo* v. *Lewis,* 17 Ohio Cir. Ct. 588; *Cooper* v. *City of Scranton,* 21 Pa. Super. Ct. 17.

Interfering with the long established surface water-courses of raising the grade of streets so as to throw water back on abutting lots has been held sufficient to render the municipality liable for damages in states having constitutional provisions similar to our section 17. *Arndt* v. *Cullman,* 132 Ala. 540, 31 So. 478; *Morley* v. *Buchanan,* 124 Mich. 128; *Rice* v. *Flint,* 67 Mich. 401; *Avondale* v. *McFarland,* 101 Ala. 381, 13 So. 504.

Argued orally by *R. B. Ricketts,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellant's board of aldermen having declared by resolution that the construction of a sidewalk adjacent to appellee's property was necessary, she was in due course served with a written notice directing her to construct this sidewalk within twenty days, or appear before this board, and show cause why appellant should not construct it at her expense. About two months thereafter appellee obtained from the city the necessary permit to construct this sidewalk, the plans and specifications therefor, and, complying with this resolution directing her so to do, constructed it. Her property being damaged by reason of the fact that the grade of the street, to which the sidewalk was conformed, had been raised by appellant, she filed her suit in the court below seeking the recovery thereof, and from a judgment in her favor this appeal is taken. After the sidewalk was constructed, it became necessary for appellee to raise the grade of her lot to conform thereto, which necessitated raising the houses situated thereon. Part of the damage claimed by her was the expense incurred in raising these houses. Appellant introduced evidence tending to show that the grade of the street along which this sidewalk was constructed, and to which it was necessarily made to conform, was established by appellant several years prior to the building of appellee's house.

It is contended by counsel for appellant that the judgment of the court below should be reversed for two reasons: First. That the city by simply passing a resolution declaring the sidewalks necessary and by issuing the citation to the owner did not make itself liable for damages done by the owner herself in afterwards raising the grade and constructing the sidewalk. Second. That the appellee by constructing her houses after the grade had been established did so at her own peril, for she placed the houses below the grade thus established.

With reference to the first proposition, it will be sufficient to say that in constructing the sidewalk appellee was simply obeying, as by law it was her duty so to do, the resolution declaring the construction thereof necessary, and consequently, having acted under compulsion, she did not waive her right to be compensated for any damage that might be thereby caused to her property. That the sidewalk was constructed after the expiration of the twenty days in which she was directed to either construct it, or appear before the appellant's board of aldermen and show cause why appellant should not construct it at her expense, is immaterial. The effect of nonaction on her part until after the expiration of the twenty days was simply to give the city the right to build the sidewalk at her expense in the event she continued to delay building it herself.

The second question raised by counsel is not presented to us by this record, for the reason that at appellant's request the court below charged the jury as follows: "The court instructs the jury for the defendant that, if you believe from the evidence that there was a known and established grade on West and Hamilton streets before plaintiff built her houses on said streets and that the sidewalks in question were built on said grade, then it was negligence of plaintiff in not building her houses high enough to correspond with said grade, and in such

case she is not entitled to anything in the way of damages for afterwards raising her houses to the level of such established grade."     *Affirmed.*